IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CORNELIUS MARTIN, JR.,

    Plaintiff,

v.                                    CASE NO. 4:14cv380-RH/CAS

JOHN TIMOTHY SHEEHAN,

    Defendant.

_____/

## ORDER DISMISSING THE FIRST AMENDED
## COMPLAINT AND GRANTING LEAVE TO AMEND

    This case arises from a dispute over an elderly—now deceased—individual's actions relating to a trust she created. The plaintiff is the settlor's son. He dropped or settled most of his claims. Still pending are claims against a single defendant: the settlor's attorney. In the first amended complaint, the plaintiff asserts claims for legal malpractice and breach of privacy.

    The defendant has moved to dismiss. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 78, and the objections, ECF No. 79. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the first amended complaint fails to state a claim on which relief can be granted.  This is so because the first amended complaint does not allege facts showing that the defendant was negligent or improperly disclosed private information.

This order thus dismisses the first amended complaint.  The order gives the plaintiff one final chance to amend to state a claim on which relief can be granted.

Any further amended complaint should be labeled the "third amended complaint," because the plaintiff previously (and unsuccessfully) moved for leave to file a second amended complaint.  And any such complaint should include only a "short and plain" statement of the claim showing that the plaintiff is entitled to relief.  In these circumstances, a third amended complaint that exceeds eight pages in length will almost surely violate the requirement that the statement be "short and plain."  The plaintiff should focus on precisely what this defendant did that allegedly violated the plaintiff's rights—without the many pages of extraneous material included in the first amended complaint.

The plaintiff should not file a third amended complaint unless he believes he can cure the deficiencies identified in the report and recommendation and this order.  If the plaintiff believes the report and recommendation and this order are incorrect, he may choose not to file a third amended complaint.  If the plaintiff

chooses not to file a third amended complaint, a judgment will be entered, and the plaintiff will be entitled to appeal.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's opinion in relevant part.

2. The defendant's motion, ECF No. 41, to dismiss the first amended complaint is granted.

3. The plaintiff may file a third amended complaint by March 21, 2016.

SO ORDERED on February 29, 2016.

                                             s/Robert L. Hinkle
                                             United States District Judge