IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CORNELIUS MARTIN, JR.,**

    Plaintiff,

vs.                                    Case No. 4:14cv380-RH/CAS

**JOHN TIMOTHY SHEEHAN,**

    Defendant.

_____/

**O R D E R**

The Report and Recommendation, ECF No. 78, entered in this case was adopted and Defendant's motion to dismiss, ECF No. 41, the Plaintiff's first amended complaint was granted.  ECF No. 80.  The Order entered by District Judge Robert Hinkle permitted Plaintiff Cornelius Martin, Jr., to file a third amended complaint by March 21, 2016, if he believed he could "cure the deficiencies identified" in the Report and Recommendation and Judge Hinkle's Order.[1]  ECF No. 80.

---

[1] It was noted that "a third amended complaint that exceeds eight pages in length will almost surely violate the requirement that the statement be 'short and plain.'" ECF No. 80 at 2.

On March 8, 2016, Mr. Martin submitted a third amended complaint ["complaint"]. ECF No. 81. Including the certificate of service, the complaint is nine pages in length, and not in compliance with the amended Rules of this Court which require that all documents filed "be double spaced with at least 14-point font and at least one-inch margins on the top, bottom, left, and right of each page." N.D. Fla. Loc. R. 5.1(C).

On March 18, 2016, Defendant John Timothy Sheehan filed a motion to dismiss this version of the complaint. ECF No. 82. Four days later, Mr. Martin filed his opposition to the motion to dismiss. ECF No. 83.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

   Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or,

whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." Id. If so, a motion to dismiss should be denied. Id., at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Rule 8**

As noted in the Order providing Mr. Martin an opportunity to file an amended complaint, ECF No. 80, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations omitted) (quoted in Lacroix v. W. Dist. of Kentucky, 627 F. App'x 816, 818 (11th Cir. 2015), *cert. dismissed sub nom.* LaCroix v. U.S. Dist. Court for W. Dist. of Kentucky, 136 S. Ct. 996 (2016). "Further, the allegations in the complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' FED. R. CIV. P. 10(b)." Lacroix, 627 F. App'x at 818. "A

'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' - does not comply with the standards of Rules 8(a) and 10(b)." *Id.* (quoting Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)); *see also* Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Mr. Martin's third amended complaint is a shotgun pleading. He alleges numerous allegations having no bearing on what Mr. Sheehan did or did not do. The complaint is a rambling statement of facts which is made more complicated by the fact that it is not presented in chronological order. The complaint does not provide clear dates of the facts which *do* pertain to Mr. Sheehan's actions.

**The Claims**

It appears that the Martin Revocable Living Trust (Trust) was established in 1992. ECF No. 81 at 1. The complaint does not clearly allege that Mr. Sheehan drafted the Trust. Mr. Martin does assert that the Trust was amended on March 11, 2008, which changed the distribution of assets. *Id.* Mr. Sheehan did not prepare the 2008 amendment as Mr. Martin alleges that "Mr. Sheehan refused to prepare that document . . .

." *Id.* at 3. That is not a viable basis for a claim against Mr. Sheehan, although it is not clear that Mr. Martin intended to do so.

Mr. Martin then alleges that in July 26, 2007, Mr. Sheehan prepared a Durable Power of Attorney [DPOA] on July 26, 2007. ECF No. 81 at 3. Another DPOA was drafted in December 2010, not by Mr. Sheehan. *Id.* at 4. Mr. Martin contends the 2010 DPOA revoked the 2007 DPOA. *Id.* It is alleged that Mr. Sheehan was provided a copy of that 2010 DPOA. *Id.* at 4. Mr. Martin further claims that Mr. Sheehan negligently relied upon documents which were null and void. *Id.* at 4-5.

Despite that conclusory allegation, Mr. Martin does not allege any facts which support a claim for negligence. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citation omitted) (quoted in Cortes v. Honeywell Bldg. Sols. SES Corp., 37 F. Supp. 3d 1260, 1268 (S.D. Fla. 2014)). Mr. Martin has not provided facts which demonstrate that Mr. Sheehan owed him a duty of care, nor did Mr. Martin provide a clear statement of facts which describe how Mr. Sheehan breached that duty. Mr. Sheehan was not an attorney for Mr. Martin, nor does the

complaint allege that Mr. Sheehan was asked for a legal opinion concerning the authenticity of the 2010 DBOA. The negligence claim in count one should be dismissed.

Additionally, the legal malpractice claim in count two should be dismissed for the same reasons provided in the first Report and Recommendation. Under Florida law, "[a] cause of action for legal malpractice has three elements: (1) the attorney must be employed by or in privity of contract with the plaintiff; (2) the attorney must have neglected a reasonable duty; and (3) the negligence must have resulted in and was the proximate cause of loss to the plaintiff." Dadic v. Schneider, 722 So.2d 921, 923 (Fla. 4th DCA 1998) (citing Brennan v. Ruffner, 640 So.2d 143, 145 (Fla. 4th DCA 1994)). Mr. Martin was not a client of Mr. Sheehan and, thus, did not neglect a duty to Mr. Martin. As alleged, the complaint presents no facts showing how or when Mr. Sheehan committed an act of negligence.

Count three of the complaint alleges Mr. Sheehan deprived Mr. Martin of the "right to maintain privacy in any family or economic relationships . . . ." ECF No. 81 at 7. No facts are alleged which reveal *how* Mr. Sheehan interfered "with a business relationship that existed between Mr. Martin and the" Trust. The only specific allegation is that

Mr. Sheehan voluntarily provided information to law enforcement (Detective Benedict) upon request without a subpoena being issued.  *Id.* at 7.  The actions of an attorney turning over documents concerning a Trust to a detective is insufficient to demonstrate a violation of privacy.  Mr. Martin did not have a legitimate expectation of privacy because the records disclosed pertained to the Trust.  The Trust was not Mr. Martin's personal property.  The motion to dismiss count three should also be granted.

Finally, count four alleges a deprivation of Mr. Martin's civil rights under 42 U.S.C. § 1983.  ECF No. 81 at 7-8.  Mr. Martin claims he was deprived of his liberty, presumably because Mr. Martin was arrested after the disclosure of documents from Mr. Sheehan to Detective Benedict. Responding to an investigatory request from law enforcement does not transform a private citizen into a "state actor."

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  Mr. Martin has not done so.  Mr. Sheehan is a private attorney and a private citizen.  "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes."  Harvey v. Harvey,

949 F.2d 1127, 1130 (11th Cir. 1992) (quoted in <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). Those "rare circumstances" are not present here.

Mr. Martin contends that Mr. Sheehan is a joint actor. ECF No. 81 at 8. The "nexus/joint action test[3] involves situations where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" <u>Harvey</u>, 949 F.2d at 1131 (quoting <u>NBC v. Commc'ns Workers of Am., AFL-CIO</u>, 860 F.2d 1022, 1026-27 (11th Cir. 1988) (stating that "[t]o charge a private party with state action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship.'") (citing <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 357, 95 S. Ct. 449, 456-57, 42 L. Ed. 2d 477 (1974)). Acting "in cooperation" with law enforcement during a criminal investigation is not, however, sufficient to declare Mr. Sheehan a state actor for purposes of § 1983. *See* <u>Horton v. Williams</u>, 572 F. Supp. 2d 1292, 1297-98 (M.D. Ala. 2008) (concluding that cooperation in an

---

[3] A private person may be considered a state actor if (1) the state "coerced or at least significantly encouraged" the allegedly unconstitutional action ("State compulsion test"); (2) the private party performed an act traditionally performed by a state official ("public function test"), or (3) the State was a joint participant in the act ("nexus/joint action test"). <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations omitted).

investigation which led to an arrest was insufficient to show a conspiracy with state actors). Although Mr. Martin makes a conclusory allegation that Mr. Sheehan acted "in concert with Benjamin Benedict," ECF No. 81 at 8, there are no facts alleged which reveal "evidence of an 'understanding' and 'willful participation' between the private" party and state actor. Lloyd v. Card, 283 F. App'x 696, 699 (11th Cir. 2008) (affirming conclusion that providing information to law enforcement which is used to obtain a search warrant is insufficient basis to consider a private person to be a "state actor"); Lowe v. Aldridge, 958 F.2d 1565, 1573 (11th Cir. 1992) (concluding that private therapist was not acting in concert with law enforcement).

In this circumstance, Mr. Sheehan provided unspecified "confidential documents" to Detective Benedict. That fact alone is insufficient to show a conspiracy or "evidence of an agreement" to violate Mr. Martin's rights. The motion to dismiss the § 1983 claim in count four should also be granted.

At this juncture, Mr. Martin has had sufficient opportunity to present a viable complaint, if there was a basis to do so. It is recommended that this case be dismissed without further leave to amend.

**Recommendation**

It is respectfully **RECOMMENDED** that Defendant Sheehan's motion to dismiss, ECF No. 82, be **GRANTED**, and all claims raised against Defendant Sheehan in Plaintiff's third amended complaint, ECF No. 81, be **DISMISSED** for failure to state a claim.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2016.

  s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**