IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CORNELIUS MARTIN, JR.,

    Plaintiff,

v.                                      CASE NO.  4:14cv380-RH/CAS

JOHN TIMOTHY SHEEHAN,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case arises from a dispute over an elderly—now deceased—individual's actions relating to a trust she created.  The plaintiff Cornelius Martin, Jr., is the settlor's son.  He dropped or settled most of his claims.  Still pending is a claim against a single defendant: the settlor's attorney John Timothy Sheehan.

In the third amended complaint, Mr. Martin asserts claims for negligence, legal malpractice, and breach of privacy.  He also asserts a claim under 42 U.S.C. § 1983, apparently for breach of the right to liberty under the Fourteenth Amendment's Due Process Clause.  Mr. Sheehan has moved to dismiss.

The motion is before the court on the magistrate judge's report and recommendation, ECF No. 84, and the plaintiff's objections, ECF No. 85.

The report and recommendation correctly concludes that the third amended complaint fails to state a claim on which relief can be granted.  This order adopts the report and recommendation as the court's opinion, with this additional explanation.

Under Florida law, an attorney can be held liable for professional negligence—malpractice—to the attorney's own client, that is, when there is privity.  Further, in a "narrow exception" to the privity requirement, an attorney may, in appropriate circumstances, be held liable to a person the client specifically intended to benefit through the transaction at issue.  *See, e.g.*, *Dingle v. Dellinger*, 134 So. 3d 484, 487-90 (Fla. 3d DCA 2014).  The most typical example of the "narrow exception" is a will or trust intended to transfer assets to a specific beneficiary.  If the attorney negligently fails to have the will or declaration of trust properly witnessed or negligently omits property the settlor intended to include, the beneficiary may be able to recover against the attorney.

Mr. Martin's vague third amended complaint apparently includes the following allegations.  His mother created a trust and made him one of its beneficiaries.  She gave him a power of attorney over trust assets.  Mr. Sheehan was the settlor's attorney but had no role in drafting the power of attorney.  At a

later point—when the settlor may or may not have become incompetent—Mr. Sheehan provided representation as another person was allowed to become the trustee, a role Mr. Martin asserts should have gone to him.  Mr. Martin vaguely asserts Mr. Sheehan was negligent in failing to recognize that Mr. Martin should have become the trustee.

Mr. Martin does not allege that Mr. Sheehan negligently established the trust or negligently drafted trust documents that were intended to provide for property to be distributed to Mr. Martin.  Instead, Mr. Martin claims that the trust instruments were properly drafted to make Mr. Martin a beneficiary and that a separate power of attorney—one in which Mr. Sheehan had no role—was properly drafted to make Mr. Martin the trustee.  Mr. Martin asserts that Mr. Sheehan was negligent in a different respect—in the transaction that resulted in appointment of a different trustee.  But any representation Mr. Sheehan provided in connection with that transaction could not have been specifically intended to benefit Mr. Martin.  On that transaction—in connection with Mr. Sheehan's rendering of advice at that time on who should be appointed as the trustee—Mr. Martin was not an intended third-party beneficiary.  The "narrow exception" to the privity requirement did not apply.

For these reasons and those set out in the report and recommendation, this order dismisses the claims against Mr. Sheehan.  In addition, because judgment

was not entered under Federal Rule of Civil Procedure 54(b) when the claims against the other defendants were dismissed, this order directs the entry of judgment under Rule 58 dismissing the claims against those defendants as well as against Mr. Sheehan.

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The defendant's motion to dismiss, ECF No. 82, is granted.  The clerk must enter judgment stating, "This action was resolved by voluntary dismissal of some claims and a motion to dismiss the remaining claims.  It is ordered that the plaintiff Cornelius Martin, Jr., recover nothing on his claims against the defendants Rebecca Keaton, Kimberly Keaton-Emmert, Nathaniel Emmert-Keaton, Jana McConnaughhay, and John Timothy Sheehan.  The claims are dismissed on the merits."

3. The clerk must close the file.

SO ORDERED on May 28, 2016.

                          s/Robert L. Hinkle
                          United States District Judge